# United States Court of Appeals for the Tenth Circuit
## OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Elisabeth A. Shumaker
Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

June 13, 2007

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 3 2007

GREGORY C. LANGHAM
CLERK

Mr. Douglas Burns
Colorado State Penitentiary
#47358
P.O. Box 777
Canon City, CO 81215-0777

Mr. John W. Suthers
Attorney General
State of Colorado
Department of Law
1525 Sherman Street, 5th Floor
Denver, CO 80203

    Re:    07-1205, Burns v. Executive Director
           Dist/Ag docket: 07-cv-415-ZLW

Dear Counsel and Petitioner:

    Enclosed is a copy of an order entered today in this case.

    Please contact this office if you have questions.

                                  Sincerely,

                                  Elisabeth A. Shumaker
                                  Clerk, Court of Appeals

                              By:
                                  Deputy Clerk

clk:klp

cc:
    Gregory C. Langham, Clerk

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

DOUGLAS BURNS,

Movant,

v.

EXECUTIVE DIRECTOR OF
DEPARTMENT OF CORRECTIONS,

Respondent.

No. 07-1205
(D.C. No. 07-cv-415-ZLW)

A true copy
Teste

Elisabeth A. Shumaker
Clerk, U.S. Court of
Appeals, Tenth Circuit

By _____
Deputy Clerk

ORDER
Filed June 13, 2007

Before **BRISCOE**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Douglas Burns seeks authorization to file a second or successive 28 U.S.C. § 2254 petition. Because Mr. Burns cannot meet the requisite conditions under 28 U.S.C. § 2244, we deny authorization and dismiss the proceeding.

Mr. Burns was convicted in 1985 of second degree burglary and several other felonies. Because of his prior felony convictions, his sentence was enhanced under the habitual criminal offender statute and he was sentenced to life in prison. He did not appeal from his convictions or sentence. In 1992, he filed his first § 2254 habeas petition, which was dismissed for failure to exhaust state remedies and was affirmed by this court on appeal, *see Burns v. Romer*, 21 F.3d

1120 (10th Cir. 1994) (unpublished). This first habeas petition does not count as a prior application for the purposes of § 2244 because it was dismissed for failure to exhaust state remedies. *See Moore v. Schoeman*, 288 F.3d 1231, 1236 (10th Cir. 2002).

In 1999, Mr. Burns filed his second § 2254 habeas petition. Mr. Burns asserts that this petition was also dismissed for failure to exhaust state remedies, and that this petition likewise does not count as a prior application. We disagree. The magistrate judge's recommendation in the 1999 case noted that Mr. Burns had failed to exhaust state remedies, but the court went on to conclude that his habeas petition should be denied because his first claim was procedurally defaulted in state court and he was not entitled to relief on the merits on his remaining claims. The district court adopted the magistrate judge's recommendation and denied the petition.

A district court may deny a petition on the merits notwithstanding a petitioner's failure to exhaust his state court remedies. *Moore*, 288 F.3d at 1232 (citing 28 U.S.C. § 2254(b)(2)). The denial based on procedural default also constituted a disposition on the merits. *See Carter v. United States*, 150 F.3d 202, 205-06 (2d Cir. 1998); *see also Hawkins v. Evans*, 64 F.3d 543, 546-47 (10th Cir. 1995) (concluding, pre-Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), that denial of claim due to procedural default is a determination on the merits in evaluating whether a second habeas petition is successive). Because this

was a disposition on the merits, the 1999 habeas petition counts as a prior application and Mr. Burns is required to seek authorization from this court to file any further § 2254 habeas petitions.

In his motion for authorization, Mr. Burns asserts that he has two claims that he raised in his 1999 petition that he now wants to reassert and five new claims that have not been previously raised. With respect to the two claims that were previously raised in his 1999 petition (claims three and four in his proposed habeas application), those claims may not be reasserted. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."). With respect to the five new claims, Mr. Burns must make the following showing in order to be entitled to authorization:

> (A) . . . that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

In claim one in his proposed habeas petition, Mr. Burns asserts that his rights under the Fifth and Fourteenth Amendments were violated when the state court relied on his prior juvenile conviction to impose a life sentence under the habitual criminal sentencing statute. He argues that a juvenile conviction may not be counted as a felony unless it was properly transferred to the state district court and that the transfer in his case was unlawful. In claim two, he asserts that the restitution portion of his sentence was unlawfully imposed. He contends that these claims arise out of newly discovered evidence. To receive authorization to file another § 2254 petition, the new evidence must compel a reasonable factfinder to find that the movant is not "guilty of the underlying offense," § 2244(b)(2)(B)(ii), and thus applies only to challenges to the underlying conviction; it is not available to assert sentencing error, *see, e.g., In re Jones*, 137 F.3d 1271, 1274 (11th Cir. 1998).

In claim five, Mr. Burns asserts that he "was denied fundamental, rudimentary evidentiary entitlements for the State Habeas Proceeding." Proposed Habeas Application at 20. This claim is deficient in several respects, but we need not address all of them, because it fails the threshold requirement of "constitutional" error. 28 U.S.C. § 2244(b)(2). In claim six, Mr. Burns contends that his life sentence pursuant to the habitual criminal offender statute violates his rights under the First, Fifth, Eighth and Fourteenth Amendments. He argues that the Colorado legislature issued a directive to reduce certain sentences to eliminate

-4-

disparities, but that the state courts have refused to apply this directive to his case. This claim fails the threshold requirement for authorization, because again, it is not a new rule of constitutional law announced by the United States Supreme Court made retroactive to cases on collateral review. Finally, in claim seven, Mr. Burns alleges that the state prosecuting attorney failed to file his oath and bond of office in a timely fashion and therefore he had no authority to prosecute. As this claim does not turn on newly established constitutional law or newly discovered evidence that establishes his actual innocence, this claim also fails to meet the requirements for authorization.

Authorization to file a second or successive § 2254 motion is DENIED and the matter is DISMISSED. This denial of authorization is not appealable and may not be the subject of a petition for rehearing or for a writ of certiorari. *See* 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court<br>
ELISABETH A. SHUMAKER, Clerk<br>
<br>
By:<br>
Deputy Clerk